IN THE DISTRICT COURT OF CLEVELAND COUNTY

STATE OF OKLAHOMA

| | |
|---|---|
| KEITH LEE, aka BRIAN KEITH LEE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )    No. CJ-2014-_570_ |
| | )       _TS_ |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, an insurance company doing | ) |
| business in Oklahoma, and DANNY | ) |
| GRISSOM, an individual, | ) |
| | ) |
| Defendant. | ) |

STATE OF OKLAHOMA⎫ S.S.
CLEVELAND COUNTY ⎭
**FILED**

MAY 09 2014

**PETITION**

Plaintiff alleges and states:

In The Office of the
Court Clerk RHONDA HALL

1.    Plaintiff is an individual residing in Cleveland County, State of Oklahoma.

2.    Defendant State Farm Fire and Casualty Company ("State Farm") is an insurance company licensed under the laws of the State of Oklahoma to issue policies of insurance covering various casualties, including property insurance.

3.    Defendant Danny Grissom is an individual, residing in Cleveland County, State of Oklahoma.

3.    This action is brought for actual, consequential and punitive damages due to Defendant's breach of contract and bad faith refusal to pay Plaintiff's valid claim for benefits under a policy of property casualty insurance, and for intentional interference with contractual relations.   The subject property of the insurance is located in Cleveland County, Oklahoma.

4.    Plaintiff is the owner of property insurance from Defendant, in effect on May 20, 2013, Policy No. 36-BR-H940-2. The policy provided coverage for loss occasioned by storm.

**EXHIBIT**

**1**

5.     On or about May 20, 2013, Plaintiff suffered loss as a result of a storm and tornado, which occurred in Cleveland County, Oklahoma. On or about August 31, 2013, September 27, 2013, and October, 2013, Plaintiff suffered losses as the result of thefts. On or about May 31, 2013, Plaintiff suffered loss as the result of water damage. The incidents was covered under the terms of the policy. The Defendant State Farm determined the claim was a covered loss, but Defendant State Farm failed to properly adjust the claim under the terms of the contract; failed to promptly pay valid claims; failed to properly discover and determine the extent of the damage to the property, and failed to pay the value of the complete loss and damage to the property pursuant to the terms of the contract.

6.     Plaintiff has submitted to the Defendant State Farm the information requested which was available after the losses. Plaintiff, in an attempt to negotiate with Defendants' claims representative concerning payment of the claim, submitted information regarding the losses. Defendant's claims representative has refused to negotiate in good faith

7.     Defendants' claims representative consistently refused to consider in good faith the nature and extent of Plaintiff's losses and has failed and refused to pay policy coverages purchased by Plaintiff.

8.     Issuance by Defendant State Farm of the policy, Policy No. 36-BR-H940-2. to Keith Lee created a contractual relationship between Defendant State Farm and Plaintiff. Defendant State Farm therefore was subject to the implied-in-law duty to act fairly and in good faith in order not to deprive Plaintiff of the benefits of the policy.

9.     Defendant State Farm acted willfully, fraudulently, intentionally, and in bad faith in refusing to consider the nature and extent of Plaintiff's loss and in making no full and complete settlement offer and denial of several of Plaintiff's valid claims.

10.     Defendant State Farm actions were done knowingly, intentionally, and with the purpose of discouraging, avoiding, or reducing the payment due Plaintiff under the terms

of the policy.

11.     Defendant State Farm had no legitimate or arguable reason for refusing to pay the full amount of Plaintiff's valid claim. By refusing to consider the nature and extent of Plaintiff's loss, by failing to pay the claims in a prompt manner, by failing accept and pay for coverages paid for by Plaintiff, and by rejecting the opportunity to in good faith consider and evaluate Plaintiff's valid claim, Defendants' claims representative intentionally failed to determine whether there was any legitimate or arguable reason for refusing to pay Plaintiff's claim.

12.     Defendant State Farm intentional refusal to pay Plaintiff's valid claim was a breach of the implied-in-law duty of good faith and fair dealing and operated to unreasonably deprive Plaintiff of the benefits of the policy.

13.     Defendant State Farm conduct in intentionally refusing to pay Plaintiff's valid claim was malicious, fraudulent, oppressive, and otherwise reflected a conscious disregard of Plaintiff's rights.

14.     As a proximate result of Defendant's intentional refusal to pay Plaintiff's valid claim, and Defendant's consequent breach of the implied-in-law duty of good faith and fair dealing, Plaintiff has not been properly compensated for the damages incurred.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

15. Plaintiff reasserts the allegations set forth above, and further allege,

16. Issuance by Defendant State Farm of the insurance policy created a contractual relationship between Defendant and Plaintiff.

17. Defendant breached the contract between the parties in that Defendant failed to pay the complete loss and damage to the property payable under the contract resulting from the storm loss on the property. Defendant has breached the contract between the parties by failing to pay all contractual amounts due in a timely manner. Defendant has failed to pay all consequential damages

arising from the loss.  Defendant has failed and refused to consider the nature and the extent of Plaintiff's loss and failed to pay valid claims in a prompt and timely manner. Defendant has failed to properly calculate the amounts due under the contract.

18.  As a result of Defendant's failure to pay Plaintiff the full amount of Plaintiff's valid claim,  Plaintiff has sustained emotional distress, financial stress and loss of income.

19.  Defendant has breached the terms of its contract with Plaintiff.

20.  As a proximate result of Defendant's failure and refusal to pay Plaintiff's valid claim, Plaintiff has sustained actual damages in excess of $10,000.00, consequential damages in excess of $10,000.00, and punitive damages in excess of $10,000.00.

**WHEREFORE,** premises considered, Plaintiffs pray for judgment against Defendant for breach of contract in excess of $10,000,00, consequential damages in excess of $10,000.00, and punitive damages in excess of $10,000.00, plus costs, interest and attorney fees, and such further relief this Court deems appropriate.

**SECOND CAUSE OF ACTION**

**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

21.  Plaintiff reasserts the allegations set forth above, and further allege:

22.  Defendant's relationship as insurer to Plaintiff, give rise to a duty of good faith and fair dealing between the parties.

23.  Defendant breached the contract between the parties in that Defendant failed to pay the complete loss and damage to the property resulting from the storm, water, and theft claims. Defendant has breached the contract between the parties in that Defendant has failed to pay the full amount of the claim, failure to pay valid claims promptly, and to properly calculate the amount due to Plaintiff. Defendant has failed to pay all consequential damages arising from the storm loss.

24.  Defendant has failed and refused to consider the nature and the extent of Plaintiffs' loss and specifically rejected the opportunity to consider and properly evaluate Plaintiff's claim of loss based upon the terms of the contract in place at the time of the loss.

25.  As a result of Defendant's failure to pay Plaintiff's valid claim, Plaintiff has sustained

emotional distress and financial stress, damages and loss of income.

26.   Issuance by Defendants of the insurance policy created a contractual relationship between Defendant and Plaintiff. Defendant has an implied-in-law duty to act fairly and in good faith in order not to deprive Plaintiff of the benefit of the contract.

27.   Defendant acted willfully, fraudulently, intentionally and in bad faith in failing to consider the nature and extent of Plaintiff's loss in failing to properly adjust the claim of Plaintiff and in rejecting the timely, proper and full payment of Plaintiff's claim. This was done knowingly, intentionally, and with the purpose of discouraging, avoiding, or reducing the payment due under the terms of the agreement. The Defendant acted with recklessness and with wanton negligence in the breach of its duty of good faith and fair dealing owed to Plaintiff.

28.   Defendant had no legitimate or arguable reason for refusing to pay the complete loss involved in Plaintiff's valid claim for storm damage, water damage as a result of storm, living expenses and theft. By refusing to consider the nature and extent of Plaintiff's loss and by rejecting the opportunity to consider and properly evaluate Plaintiff's proof of claim, Defendants intentionally failed to determine whether that was any legitimate or arguable reason for refusing to pay Plaintiff's claim.

29.   Defendant action was a breach of its contract with Plaintiff and was a breach of the implied-in-law duty of good faith and fair dealing and operated to unreasonably deprive Plaintiff of the benefits of the policy.

30.   As a proximate result of Defendant's intentional refusal to pay Plaintiff's valid claim, and Defendant's consequent breach of the implied-in-law duty of good faith and fair dealing, Plaintiffs has sustained actual damages in excess of $10,000.00, consequential damages in excess of $10,000.00, and punitive damages in excess of $10,000.00.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant State Farm for breach of good faith and fair dealing in an amount in excess of $10,000,00, consequential damages in excess of $10,000.00, and punitive damages in excess of $10,000.00, plus costs, interest, and attorney fees, and for such further relief as this Court deems appropriate.

## THIRD CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

31. Plaintiff reallege and restate the allegations contained hereinabove, and further state:

32. Upon information and belief, Defendant Grissom, and/or his agents, had knowledge of the insurance contract of Plaintiff with State Farm. Defendant Grissom, and/or his agents, interfered with the insurance contract by providing false and misleading information to State Farm with regard to the claim of Plaintiff. Defendant Grissom's actions were intentional, improper and used unfair means to the detriment of Plaintiff. Defendant's actions constitute Interference with Contract of Plaintiff with the intent of interfere with the Plaintiff's contract with Defendant State Farm.

33. As a result of Defendant Grissom's actions, Plaintiff has suffered damages in excess of $10,000.00, plus costs, interest and fees.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant Grissom for intentional interference with contractual relations in the sum of $10,000.00, consequential damages in excess of $10,000.00, plus costs, interest and attorney fees, and for such further relief as this Court deems appropriate.

## FOURTH CAUSE OF ACTION

## PUNITIVE DAMAGES

34. The Defendants have engaged in a pattern and practice of wrongfully adjusting the claim and wrongfully refusing to pay legitimate claims on their policy. Such practice is motivated by greed and financial gain. Defendant has intentionally and with malice breached the duty of good faith and fair dealing owed to Plaintiff. Defendants' actions as set forth above have been deliberate, malicious, willful, reckless, wanton, and grossly negligent of the rights of Plaintiff and Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant in an amount in excess of $10,000.00, together with all attorneys' fees, interest and costs. Additionally, Plaintiff prays for exemplary damages against Defendant and for such additional relief as this Court deems equitable.

Respectfully submitted,

Joe B. Lawler, OBA #10372
Attorney at Law
104 W. Gray St.
Norman, Oklahoma 73069
(405) 321-0760 * (405) 329-5949 (fax)
*ATTORNEY FOR PLAINTIFF*

ATTORNEY LIEN CLAIMED